# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DINA SCOPELLITI, | |
| Plaintiff, | CIVIL ACTION NO. 3:18-CV-00040 |
| v. | (JUDGE CAPUTO) |
| TRADITIONAL HOME HEALTH AND HOSPICE, | |
| Defendant. | |

## **MEMORANDUM**

Presently before this Court is a Motion to Dismiss Plaintiff Dina Scopelliti's Amended Complaint in its entirety filed by Defendant Traditional Home Health and Hospice. Because Plaintiff has failed to allege that she was denied a benefit under the FMLA, Count I of the Amended Complaint will be dismissed. Counts II and III, however, will not be dismissed because Defendant's concerns, detailed below, lack merit.

### I. Background

**A.  Factual Background**

Plaintiff Dina Scopelliti ("Plaintiff") was hired by Defendant Traditional Home Health and Hospice ("Defendant") as an insurance Verification Specialist in 2014. After Plaintiff joined Defendant's company she informed her superiors that she suffered from two medical conditions, chromic migraines and lupus. Plaintiff had been diagnosed with these conditions in 2010 and 2011, respectively. These conditions affected Plaintiff's ability to bend, walk, lift, and concentrate. Defendant was aware that Plaintiff would occasionally require her to take time off to seek treatment and attend doctors appointments.

Plaintiff first requested intermittent leave under the Family and Medical Leave Act ("FMLA") on July 30, 2015. This request was approved. She made a similar request in 2016, which was also approved. While Plaintiff had been approved for intermittent FMLA leave,

Defendant required Plaintiff to use accrued paid-time off ("PTO") for her doctors appointments. Further, in order to use her accrued PTO days for doctors appointments she was required to obtain a doctors note for each visit. Notably, Plaintiff does not allege that she had an insufficient number of PTO days to attend doctors appointments or scheduled treatments. Instead, Plaintiff simply avers that she had to cancel some appointments because Defendant did not consider intermittent medical appointments covered under the FMLA.

Again, at some time in 2017, Plaintiff requested intermittent FMLA leave. Then, in February of 2017 Plaintiff made an additional request, she wanted to be allowed to use her lunch break at the end of the day for medical appointments. Defendant denied this request. On or about March 13, 2017, Defendant issued a policy regarding the use of leave for medical appointments during lunch. the policy stated:

> [W]hen an employee has an appointment out of the office (such as a medical, dental, etc.) he/she [may use their] lunch break provided the appointment is less than 1 hour. If the employee anticipates that the appointment will be more than 1 hour, he/she must take P.. [sic] absence from the office. An employee can only request to take his/her lunch break for an appointment once quarterly. An employee cannot schedule his/her lunch break at the end of the day.

On June 6, 2017, Plaintiff requested a medical leave of absence. Her request was denied even though Plaintiff had been approved for intermittent FMLA leave. Five days later, on June 11, 2017, Plaintiff's employment was terminated.

## B. Procedural History

Based on the facts detailed above, Plaintiff filed a Complaint on January 5, 2018 and filed an Amended Complaint January 17, 2018. The Amended Complaint contains three Counts: (1) Violation of FMLA - Interference; (2) Violation of FMLA - Retaliation; and (3) Violations of the Americans with Disabilities Act (ADA).

Defendant filed a Motion to Dismiss the Amended Complaint in its entirety on March 12, 2018. While Defendant has not provided a Brief in Reply to Plaintiff's

Brief in Opposition, the instant Motion is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is

3

plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint. In addition to the allegations found in the complaint, the court may examine "exhibits attached to the complaint, matters of public record," and "legal arguments presented in memorandums or briefs and arguments of counsel." *Mayer*, 605 F.3d at 230; *Pryor*, 288 F.3d at 560. Additionally, the Court may consider a "document integral or explicitly relied upon in the complaint." *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (Alito, J.).

### III. Discussion

**A.     Count I: FMLA Interference**

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the [the Act.]" 29 U.S.C. § 2615(a)(1). In order to establish a valid interference claim, an employee must establish: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) she was entitled to FMLA leave; (4) she gave notice to the defendant of her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. *Capps v. Mondelez Global*, LLC, 847 F.3d 144, 155 (3d Cir. 2017); *see also Witbeck v.*

4

*Equip. Transp.*, LLC, No. 17-498, 2017 WL 6606906, at *10 (M.D. Pa. Dec. 27, 2017). An interference claim is distinct from a retaliation claim in that an employee alleging interference is not required to show discriminatory intent on the part of the employer and "the employer cannot justify its actions by establishing a legitimate business purpose for its decision." *Capps*, 847 F.3d at 155 (citing *Callison v. City of Phila.*, 430 F.3d 500, 509 (3d Cir. 2009)).

Here, Defendant argues that Plaintiff has failed to state an interference claim. I agree.

Plaintiff has failed to plead an interference claim because Plaintiff does not allege that she was denied benefits under the FMLA. In fact, Plaintiff readily admits that Defendant approved her FMLA leave on at least three separate occasions. Notwithstanding this approval, Plaintiff appears to reason that she was denied an FMLA benefit because she was required to use paid-time off for her doctors appointments.[1] (*See, e.g.*, Doc. 12, at 4 ("There is no question that Plaintiff was denied FMLA usage, instead being required to use PTO and cancelling appointments. . . Defendant's attendance records will show exactly when Plaintiff was forced to take PTO for her doctors appointments.")). This, however, does not amount to a denial of an FMLA benefit. *See* 29 U.S.C. § 2612(d)(2)(B) ("An eligible employee may elect, or *an employer may require* the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided [due to a serious health condition] for any part of the 12-week period of such leave under [the

---

[1] It is notable that Plaintiff never pled that she was required to cancel doctors appointments because she had no remaining paid-time off *and* was not provided leave under the FMLA. Instead, she simply claimed that she had to cancel some appointments because the Defendant required her to use her paid-time off to schedule medical appointments.

5

Act.]"); *see also Clark v. Phila Hous. Auth.*, 701 Fed. App'x 113, 117 (3d Cir. 2017); *Cullison v. Dauphin County*, No. 10-705, 2012 WL 3027776, at *9 (M.D. Pa. May 18, 2012).

For this reason, Count I of the Amended Complaint will be dismissed with prejudice.[2]

## B. Count II: FMLA Retaliation

To establish a retaliation claim under the FMLA, a plaintiff must show that: (1) she invoked her right to FMLA benefits; (2) she suffered an adverse employment action; and (3) the adverse decision was causally related to the invocation of his rights. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009). Here, Plaintiff has pled that she invoked her right to FMLA benefits on multiple occasions and was fired five days after her final request for medical leave. For this reason, Defendant does not dispute that Plaintiff has established the first two elements of a retaliation claim. However, Defendant contends that Plaintiff has not sufficiently alleged the third element, causation.

Plaintiff has properly alleged her firing was causally connected to the invocation of her rights under the FMLA. "The requisite causal connection can be established by (1) temporal proximity between the protected activity and the adverse employment action, (2) circumstantial evidence of a 'pattern of antagonism' following the protected conduct, or (3) where the proffered evidence, looked at as a whole, suffices to raise the inference." *Innella v. Lenape Valley Found.*, 152 F. Supp. 3d 445, 458 (E.D. Pa. 2015)

---

[2] Offering amendment would be futile; the core theory of plaintiffs interference claim is insufficient to sustain such a claim. See *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 237 (3d Cir. 2008) (explaining that amendment need not be provided when it would be futile); *Clark*, 701 Fed. App'x at 117 (dismissing FMLA interference claim with prejudice after Plaintiff failed to plead a benefit owed was denied).

6

(quoting *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997)). "When the temporal proximity between the protected activity and adverse action is 'unduly suggestive,' this is sufficient standing alone to create an inference of causality." *Lichtenstein*, 691 F.3d at 307 (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)). Here, the alleged retaliatory conduct—Plaintiff's termination—occurred four days after Plaintiff's final request for medical leave under the FMLA.[3] Taken alone, this allegation supports the inference that her termination was caused by Plaintiff's decision to request medical leave. *See, e.g.*, *id.* (finding an adverse action taken seven days after the invocation of FMLA leave was "unduly suggestive"); *Kaczmarek v. Cty. of Lakawanna Transit Sys.*, No. 17-950, 2017 WL 5499160, at *3 (M.D. Pa. Nov. 16, 2017) (Caputo, J.) (eight days was "unduly suggestive"); *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 283 (6th Cir. 2012) (three weeks was "unduly suggestive").

Because Plaintiff has established a causal connection between her termination and her request for medical leave, Defendant's Motion to Dismiss Count II will be denied.

**C.    Count III: ADA Discrimination, Failure to Accommodate & Retaliation**

(1)    Discrimination and Failure to Accommodate:

Under the Americans with Disabilities Act (ADA), it is clear that covered employers are prohibited from discriminating "against a qualified individual on the basis of disability in regard to" most employment decisions. 42 U.S.C. § 12112(a). It is similarly clear that

---

[3]    Curiously, Defendant argues that "it is impossible for this Court based upon the allegations within the Amended Complaint, to draw any causal link between plaintiff's employment commencement and her request for FMLA leave or separation." (*Doc.* 11, at 22.) The temporal relationship between the commencement of employment and any subsequent action taken by the parties is irrelevant.

employers are tasked to provide disabled employees reasonable accommodations. *See* 42 U.S.C. 12112(b)(5); *see also U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 395-96 (2002). In order to plead a *prima facie* case of discrimination or failure to accommodate under the ADA, a plaintiff must allege facts showing that: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Technologies*, 134 F.3d 576 580 (3d Cir. 1998); *see Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009) (internal quotation omitted). Here, Defendant raises a single concern: Plaintiff has not pled that she is actually disabled or that it regarded her as disabled. This concern, however, is without merit.

The ADA explains that a person must be considered disabled under the act if: (1) they suffer from a "physical or mental impairment that substantially limits one or more major life activities;" (2) there is a "record of such impairment;" or (3) their employer regards them as having such an impairment. 42 U.S.C. § 12102(1). Contrary to Defendant's position, Plaintiff has alleged that she is actually disabled; meaning she suffers from an impairment that substantially limits one or more major life activity. Specifically, Plaintiff alleges that she was diagnosed with two medical conditions: lupus and chronic migraines. Further, she alleges that these conditions affect her "ability to bend, walk, lift, and concentrate." As such, she has alleged that her conditions effect a major life activity.[4] *See* 42 U.S.C. § 12102(2)(A)

---

[4] Plaintiff has attached a note from her doctor dated August 4, 2015, which supports this allegation. (Doc. 12, Ex. A.) The note explains that her "symptoms related to lupus . . . include extreme fatigue, headaches, painful joints with period [sic] of being non-ambulatory, fever, ulcers, nausea, vomiting and diarrhea. " This document may be considered upon Defendant's Motion to Dismiss even though it was not attached to the

8

(noting that major life activities include: walking, standing, lifting, concentrating, and thinking). At this stage of litigation, more is not required.

Therefore, Defendant's Motion to Dismiss, premised on an improper pleading of a disability, will be denied.

(2) <u>Retaliation</u>:

While Defendant seeks the dismissal of the Amended Complaint in its entirety, it has offered no reason why the ADA retaliation claim contained in Count III should be dismissed. This Court is not required to consider arguments that have not been developed by the party advancing them. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997); *see also Rankin v. Majikes*, No. 14-699, 2014 WL 6893693, at * (M.D. Pa. Dec. 5, 2014) (Caputo, J.); *accord* M.D. PA. L.R. §§ 7.5, 7.8 (2018).

### IV. Conclusion

For the above stated reasons, Defendant's Motion to Dismiss the Amended Complaint will be granted in part and denied in part. Specifically, Count I of the Amended Complaint will be dismissed with prejudice, but Counts II and III will remain.

An appropriate order follows.

April 20, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

Complaint because it is "integral" to the Complaint and the authenticity of the document has not been challenged. *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

9