## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DINA SCOPELLITI,                     :
                                     :
                    Plaintiff,       :
          v.                         :     3:18-CV-40
                                     :     (JUDGE MARIANI)
TRADITIONAL HOME HEALTH              :
AND HOSPICE                          :
                                     :
                    Defendant.       :

### MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court are two Reports and Recommendations ("R&R") (Doc. 63; Doc. 70) issued by Magistrate Judge Carlson, wherein the Magistrate Judge recommends denying the parties' cross-motions for summary judgment. Specifically, the R&Rs address Defendant Traditional Home Health and Hospice's (hereinafter "Traditional") Motion for Summary Judgment (Doc. 23) (*see* Doc. 63) and a Motion for Partial Summary Judgment filed by Plaintiff Dina Scopelliti (hereinafter "Scopelliti") (Doc. 29) (*see* Doc. 70).

Here, in relevant part, Plaintiff's Amended Complaint alleges Retaliation in Violation of the Family Medical Leave Act ("FMLA") (Count II) and "Disability Discrimination/Failure to Accommodate/Retaliation" in Violation of Americans with Disabilities Act ("ADA") (Count III)

(Doc. 6).[1] These two federal causes of action concern Plaintiff's allegations that she was discharged by Defendant for attempting to exercise her rights under the FMLA and ADA and was otherwise discriminated against on the basis of various alleged disabilities following an extended leave of absence to recover from various surgeries.  (*Id.*).

In August, 2019, following the close of fact discovery, the parties filed cross-motions for summary judgment.  The motions were thereafter referred to Magistrate Judge Carlson for the preparation and issuance of R&Rs.  (Doc. 45).  In December, 2019, Magistrate Judge Carlson issued two R&Rs, each addressing one motion for summary judgment (Doc. 63; Doc. 70) and recommending that both parties' motions be denied.  (*See id.*).

With respect to the FMLA retaliation claim, Magistrate Judge Carlson recommended denying Defendant's motion for summary judgment, finding that disputed issues of material fact exist with respect to whether Plaintiff's termination was in retaliation for exercising her FMLA rights.  (Doc. 63, at 17-19).[2]  As to the ADA claims, Magistrate Judge Carlson recommended that this Court deny both parties' motions for summary judgment without prejudice because there are material disputes of fact which preclude a determination of the essential functions of Plaintiff's job and whether a reasonable accommodation, which would

---

[1] Count I of Plaintiff's Amended Complaint alleged Interference in Violation of the FMLA (Doc. 6). District Court Judge A. Richard Caputo, to whom this case was previously assigned, dismissed this Count with prejudice in April of 2018.  (*See* Doc. 13; Doc. 14).

[2] Magistrate Judge Carlson only addressed the FMLA claim when evaluating Defendant's motion for summary judgment.  (Doc. 63).  The second Report and Recommendation (Doc. 70), which addressed Plaintiff's partial motion for summary judgment, did not make any recommendation on the FMLA claim as it was not raised in Plaintiff's Motion.

allow Plaintiff to perform these functions, was not only requested but reasonably available to Plaintiff. (Doc. 63 at 24-30; Doc. 70 at 14-20). The R&Rs further suggested that, upon the development of a clearer factual record as to the essential tasks of Plaintiff's job, what accommodations were sought, and whether those accommodations were reasonable, summary judgment may be appropriate. (Doc. 63 at 28, 30; Doc. 70 at 17-18, 20-21).

For the following reasons, upon *de novo* review of the R&Rs and the parties' objections thereto, the R&Rs will be adopted as modified.

## II. STATEMENT OF UNDISPUTED FACTS[3]

The factual summaries found in the R&Rs (Doc. 63 at 4-7; Doc. 70 at 3-5), which are identical, are adopted and incorporated by reference herein.

## III. ANALYSIS

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report & Recommendation, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

---

[3] "In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge." *Adam C. v. Scranton Sch. Dist.*, 2011 WL 996171, at *1 (M.D. Pa. 2011).

is made." *Id*. at § 636(b) (1); *see also Brown v. Astrue*, 649 F.3d 193,195 (3d Cir. 2011); Local Rule of the Middle District of Pennsylvania 72.3.

By timely objection, the Defendant argues, very generally, that the first R&R's recommendation as to the FMLA claim was erroneous because Plaintiff produced no documentation of her health status at the time of her additional request for time off and because Traditional has always complied with the FMLA, thus showing its lack of a retaliatory motive. (Doc. 69 at 4-9).[4]

As to the ADA claims, Plaintiff timely objected to the Magistrate Judge's recommendations, arguing first that the Court overlooked her "straight disability" claim. (Doc. 65, at 3). Plaintiff alleges that, without having to show more, she should prevail on her claim because she directly proved that Defendant fired her because of her disabilities. (*Id*. at 3-5; Doc 73, at 3-5). Scopelliti further argues that the additional time off she requested was a reasonable accommodation, that Defendant did not engage in an interactive process with her regarding this accommodation, and ultimately retaliated against her for requesting an accommodation. (Doc. 65 at 5-6; Doc. 73 at 5-8). Finally, Plaintiff argues that Traditional should not be granted additional leave to supplement its motion for summary judgment. (*Id*. at 3; Doc. 73 at 3).

---

[4] Only Magistrate Judge Carlson's first R&R (Doc. 63) addresses the FMLA claim, as Plaintiff did not move for summary judgment on this Count. The Plaintiff did not object to Magistrate Judge Carlson's findings in this R&R which pertained to her FMLA claim.

4

Defendant also filed objections to the Magistrate Judge's recommendations as to the

ADA claims, arguing that Plaintiff has presented insufficient evidence of being disabled and

in ill-health to survive summary judgment; that Plaintiff never requested a reasonable

accommodation; and, that it accommodated Plaintiff and demonstrated good faith in its

negotiations and discussions with Plaintiff regarding accommodations.  (Doc. 69 at 10-12).

The Court will thus conduct a *de novo* review of those portions of the R&Rs or

specified proposed findings or recommendations to which the objections set forth, *supra*,

are made by the parties.[5]

---

[5] This memorandum opinion is limited to ruling upon the Objections raised by Plaintiff and Defendant to the Magistrate Judge's R&Rs.  As such, the opinion does not find facts, as it is improper to do so, in determining whether to grant or deny summary judgment and does not determine the issues to be tried except to the extent necessary to apply the required summary judgment analysis. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013):

> Under Rule 56, . . . a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party asserting that there is a genuine dispute of material fact must support that assertion by "citing to particular parts of ... the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). In evaluating the motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

716 F.3d at 772.  *See also*, *Doebblers' Penn. Hybrids, Inc. v. Doebbler*, 442 F.3d 812, 820 (3d Cir. 2006)(stating that credibility determinations "are inappropriate to the legal conclusions necessary to a ruling on summary judgment. . . . A District Court should not weigh the evidence and determine the truth itself, but should instead determine whether there is a genuine issue for trial."); *J. F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1254, 1531 (3d Cir. 1990) ("We are keenly aware that credibility determinations are not the function of the Judge; instead the non-movant's evidence must be credited at this stage.").

## A. Legal Standard for FMLA Retaliation

"To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she

invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment

decision, and (3) the adverse action was causally related to her invocation of rights."

*Lichentenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-302 (3d Cir. 2012).

"[C]laims based on circumstantial evidence have been assessed under the burden-

shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93

S.Ct. 1817, 37 L.Ed.2d 668 (1973), while claims based on direct evidence have been

assessed under the mixed motive framework set forth in *Price Waterhouse v. Hopkins*, 490

U.S. 228, 276-77, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)." *Id*. at 302.[6]

Under *McDonnell Douglas'* burden-shifting framework,

> [the employee] has the initial burden of establishing a prima facie case. To do
> so, she must point to evidence in the record sufficient to create a genuine
> factual dispute about each of the three elements of her retaliation claim: (a)
> invocation of an FMLA right, (b) termination, and (c) causation. If [the
> employee] can do so, the burden of production shifts to [the employer] to
> articulate some legitimate, nondiscriminatory reason for its decision. If [the
> employer] meets this minimal burden, [the employee] must point to some
> evidence, direct or circumstantial, from which a factfinder could reasonably . . .
> disbelieve [the employer's] articulated reasons.

*Id*. (internal citations and quotations omitted).

---

[6] Magistrate Judge Carlson analyzed Plaintiff's FMLA claim under the *McDonnell Douglas* burden shifting framework.  No party has objected to this application or asserted that direct evidence exists as to this claim which would require an analysis of the FMLA claim under *Price Waterhouse*.

Here, as previously stated, Traditional objects to the Magistrate Judge's

recommendation that it be denied summary judgment as to Plaintiff's FMLA claim, arguing

that no retaliatory motive has been shown and that Plaintiff was healthy enough to return to

work, or, at least, had no documentation supporting additional leave. (Doc. 69 at 4-9). As

Defendant's objections do not address the issues of whether Plaintiff invoked her FMLA

rights prior to her leave and was terminated following that leave, Defendant's objection is

best construed as an objection to the causation prong of the FMLA analysis, *i.e.* that

Traditional fired Scopelliti not due to her invocation of her FMLA rights, but for other non-

discriminatory reasons.

This objection fails. As noted by Magistrate Judge Carlson, there was a close

temporal proximity between Plaintiff's invocation of her FMLA rights and her termination.

(Doc. 63 at 17); *see also Lichtenstein*, 691 F.3d at 307 (finding that the "temporal proximity

in this case is in the realm of what this Court and other have found sufficient at the *prima*

*facie* stage."). Here, the temporal proximity between Plaintiff's use of her FMLA leave for

her surgery, her request for additional days off, and her termination is "unduly suggestive"

and "is sufficient standing alone to create an inference of causality[.]" *Lichtenstein*, 691

F.3d at 307; *see also Montone v. Schuylkill Health Sys.*, 2014 WL 3055363, at *6 (M.D. Pa.

2014) (holding the same). As noted by Magistrate Judge Carlson, while this temporal

proximity is not enough to warrant summary judgment for Plaintiff, it is enough to defeat

Defendant's motion, and creates a genuine issue of material fact for trial. (Doc. 63 at 17 ("In

this case, we believe the evidence would permit, but not compel, an inference of causation .

. . [that] must be tested at trial as a matter of fact.")).  Past compliance with the FMLA and

Plaintiff's disputed health history, contrary to the Defendant's assertions, does not change

the suggestiveness of this close proximity and are factual arguments not suited for summary

judgment.

> Further, as succinctly set forth by Magistrate Judge Carlson:

> defendant counters that it had a legitimate, nondiscriminatory reason for firing
> Scopelliti in that her FMLA leave had expired and her request for an additional
> week off after her expected, yet unfulfilled return to work was unduly
> burdensome. However, other countervailing facts undermine the persuasive
> power of this defense. Thus, while there is abundant evidence from Scopelliti's
> supervisors at Traditional that everyone worked closely with the plaintiff
> throughout her time at Traditional to accommodate her medical needs and
> allow her to attend her medical appointments and classes when necessary, the
> defendant opted to fire Scopelliti the same day that she requested an additional
> week off of work to recover on June 6, 2017 – a request that, according to the
> defendant's deposition testimony, likely would have been granted in the past.
> We find these factors sufficient to create disputed issues of fact concerning the
> defendant's reasons for Scopelliti's termination, and thus sufficient to survive
> summary judgment.

(Doc. 63, at 19)(internal citations omitted).  *See also, Montone*, 2014 WL 3055363, at *8-12

(holding that temporal proximity between request and termination and probing about FMLA

approval raised genuine issues of material fact for trial on pretext issue).

In sum, genuine disputes of material fact exist which preclude the Court from

granting Defendant's motion for summary judgment as to Plaintiff's claim of retaliation in

violation of the FMLA.  As such, Magistrate Judge Carlson's recommendations will be

adopted with respect to the FMLA claim.

8

## B. Legal Standard for ADA Discrimination and Retaliation Claims

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual" as it pertains to his or her employment. 42 U.S.C. § 12112(a). The ADA, in its relevant retaliation provision, also states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a).

As with FMLA claims, ADA discrimination and retaliation claims can be established through direct or circumstantial evidence. *See Strausser v. Gertrude Hawk Chocolate, Inc.*, 2018 WL 1470796, at *2 (M.D. Pa. 2018). "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of the fact in issue *without inference or presumption.*" *Torre v. Casio, Inc.,* 42 F.3d 825, 829 (3d Cir. 1994) (emphasis in original; internal brackets and quotation marks omitted). "[E]vidence is not direct where the trier of fact must *infer* the discrimination ... from an employer's remarks." *Id.* (emphasis in original). Absent direct evidence, discrimination and retaliation claims are evaluated pursuant to the same *McDonnell Douglas* burden shifting framework set forth above with respect to the Plaintiff's FMLA claim. *See generally Duran v. Cty. of Clinton,* 380 F.Supp.3d 440 (M.D. Pa. 2019) (discussing application of *McDonnell Douglas* framework to ADA and FMLA claims).

Although Plaintiff asserts that the Court should have considered her ADA discrimination claim on a direct evidence theory (*see* Doc. 65 at 3-5; Doc. 73 at 3-5),

9

Plaintiff has failed to point to any direct evidence of discrimination on the record. As stated, direct evidence permits a finding of discrimination or retaliation without inference. That is, it must be evidence that is "'so revealing of discriminatory animus that it is not necessary to rely on any presumption from the *prima facie* case to shift the burden of production.'" *Buchsbaum v. Univ. Physicians Plan,* 55 F.App'x 40, 45 (3d Cir. 2002) (quoting *Armbruster v. Unisys Corp.,* 32 F.3d 768, 778 (3d Cir. 1994)). Further stated, "the evidence must be such that it demonstrates that the 'decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision.'" *Walden v. Georgia-Pac. Corp.,* 126 F.3d 506, 513 (3d Cir.1997) (quoting *Price Waterhouse,* 490 U.S. at 277 (O'Connor, J., concurring)).

The evidence presented here, including the termination letter, Scopelliti's deposition, and all other materials of record (*see* Doc. 63 at 4-7, 27-28 (summarizing record evidence)), at best, present circumstantial evidence of Plaintiff's ADA claim. This evidence does not prove the existence of discriminatory animus on the part of Traditional without inference or presumption by the trier of fact nor does it directly show that Traditional placed substantial negative reliance on illegitimate criterion in its decision to terminate Plaintiff. While Plaintiff asserts that Defendant fired her because of her "health status," this general statement is not supported by Plaintiff with any direct evidence and constitutes an attempt by Plaintiff to characterize the evidence in her favor.

In addition, there is no evidence on the record that Plaintiff's health status was not critical to her employment, *i.e.*, that her physical presence was not required to perform her job, nor is there evidence of record that establishes that the additional time off from work was a reasonable accommodation. Thus, the Defendant's reference to Plaintiff's health status in its letter of termination (Doc. 30-3)[7] could be considered a valid reason to have terminated Plaintiff if she could not perform the functions of the job, even with an accommodation, because of such status.

Accordingly, there is no direct evidence of discrimination. Under the evidence presented, to find for Plaintiff a jury would be required to *infer* that Defendant discriminated against her. Further, Plaintiff has not presented any evidence that is "'so revealing of discriminatory animus that it is not necessary to rely on any presumption from the *prima facie* case to shift the burden of production", *Buchsbaum,* 55 F.App'x at 45.

Because the same evidence and necessary inferences also apply to Plaintiff's retaliation claim, such claim similarly cannot proceed under a direct evidence theory. Both claims will thus be evaluated under the *McDonnell Douglas* framework.

## 1. ADA Discrimination Claim

"[T]o establish a *prima facie* case of discrimination under the ADA, the plaintiff must show: '(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise

---

[7] At the conclusion of Traditional's letter terminating Plaintiff, it stated that "[w]e are sorry that your health status is preventing you from returning to work at the Agency. . ." (Doc. 30-3).

qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'" *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998)).[8]

## a. Disability

"To satisfy the requirement of having a 'disability' a plaintiff may demonstrate any one of: an actual mental or physical impairment that substantially limits one or more major life activities, a record of such impairment, or that his employer regarded him as having a disability." *Macfarlan v. Ivy Hil SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012).

Here, Traditional argues that summary judgment should be granted in its favor because Scopelliti has presented insufficient evidence of impairments to demonstrate that she is disabled. (Doc. 69 at 10-11). However, Defendant fails to address the Magistrate Judge's summary of the record evidence indicating that Plaintiff routinely took doctor approved leave for her impairments; Plaintiff presented doctor's notes which stated the reasons why this leave was needed; Plaintiff's testimony that her lupus and chronic migraines affected her ability to "bend, walk, lift and concentrate;" and that Traditional itself acknowledged Plaintiff's "health status" in her termination letter and never previously

---

[8] With respect to the third prong, neither party contends that termination is not an adverse employment action.

objected to her taking approved leave for her conditions. (*See* Doc. 63 at 4-7, 22-23). In its objections, Defendant also fails to address the sweeping language of the ADA Amendments Act ("ADAAA"), which provides that the ADA "'shall be construed in favor of broad coverage of individuals' and expanded the rules of construction governing the definition of disability." *Showers v. Endoscopy Ctr. of Cent. Pennsylvania, LLC*, 58 F.Supp.3d 446, 460 (M.D. Pa. 2014) (quoting ADA Amendments Act of 2008, Pub. L. No. 110-325, § 4(a), 122 Stat. 3553, 3555). As the alleged conditions, and supporting evidence, of being unable to properly bend, walk, lift, and concentrate qualify as major life activities, and therefore as disabilities under the ADA, *see Canevari v. Itoh Denki U.S.A., Inc.*, 2017 WL 4080548, at *7-8 (M.D. Pa. 2017) (finding that history of medical notes and Plaintiff's own attestation to difficulty walking and standing due to ongoing condition satisfied *prima facie* burden for a disability), and as the sweeping language of the ADAA favors broad construction of what qualifies as a disability, *see Kessler v. AT&T*, 2015 WL 5598866, at *5-6 (M.D. Pa. 2015), Plaintiff has met her burden, at this stage, of establishing that she is a disabled person within the meaning of the ADA. (*See* Doc. 63 at 20-23; Doc. 70 at 10-14).

## b. Reasonable Accommodation

Plaintiff must further demonstrate that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer, *i.e.*, that she has the skills to perform the requirements of her job and that she could perform these requirements with, or without, a reasonable accommodation. *Skerski v. Time Warner*

*Cable Co.*, 257 F.3d 273, 278 (3d Cir. 2001). If a plaintiff satisfies this burden and identifies a reasonable accommodation, the burden then falls on the defendant to show whether the requested accommodation would create an undue hardship. *Id*. at 284.

On this element, Magistrate Judge Carlson first found that neither party challenged whether Scopelliti had the requisite skills to perform the tasks of her job when present. Instead, the R&Rs determined that the parties disputed "whether consistent, full-time attendance was an essential function of [Plaintiff's] job, and thus whether Scopelliti could perform this essential function of her job with a reasonable accommodation – i.e., reducing her work hours or modifying her schedule to attend medical appointments and taking an extra week off in June of 2017 to recover from her surgical procedure earlier in the year." (Doc. 63 at 24; Doc. 70 at 14). The Magistrate Judge found that the record was unclear on this point as Plaintiff did not specify why exactly she needed the time off, whether this sort of leave would be recurring, and whether her attendance at work was an essential function of the job. (Doc. 63 at 27-28, n. 8, n. 9; Doc. 70 at 17-18, n. 4, n. 5). While Plaintiff argues that the additional days off represent a reasonable accommodation and that Traditional did not engage in an interactive process regarding this request (Doc. 65 at 5-6; Doc. 73 at 5-8), Defendant argues that Plaintiff's request was not one for a reasonable accommodation and that it accommodated Scopelliti and attempted to negotiate with her when she had requested accommodations in the past (Doc. 69 at 11-12).

14

As noted by Plaintiff, Defendant's objection fails to recognize that requesting time off – if such time off is not excessive and would allow an employee to return to normal work – can be considered a reasonable accommodation.  (*See* Doc. 65 at 5-6; Doc. 73 at 6-7); *see also, Fogleman v. Greater Hazleton Health All.*, 122 F.Appx 581, 585 (3d Cir. 2004) (holding that federal courts have considered leaves of absence to be reasonable accommodations if it would allow the employee to return to work in the near future).

Nonetheless, as explained by Magistrate Judge Carlson, "there is both a factual ambiguity and a dispute of material fact regarding whether the defendant honored Scopelliti's requests for accommodations during her employment and whether those requested accommodations were unreasonable."  (Doc. 63 at 27; Doc. 70 at 17).  The R&Rs specifically note that an ambiguity exists as to "the nature of the accommodations that Scopelliti sought", and that "[w]ith respect to Scopelliti's request for an additional week off after her anticipated return from FMLA leave in June of 2017, we lack evidence on the record to indicate whether this additional requested time off was at all related to Scopelliti's alleged disabilities."  (Doc. 63 at 27 ns. 8, 9; Doc. 70 at 17 ns. 4, 5).  Plaintiff's objections do not point to record evidence which contradicts Magistrate Judge Carlson's findings or places those asserted factual ambiguities and disputes of material fact in doubt.  Nor has Plaintiff produced evidence demonstrating that no material dispute of fact exists as to whether she would be able to perform the essential functions of her job with the additional leave, that is, that the additional time off would not impede her job functions and would allow her to return

to work able to perform those functions.  (*See* Doc. 63 at 24-25, 27-28; Doc. 70 at 14-15, 17-18).

However, in turn, Defendant has not shown why additional time off would have been unreasonable and why Plaintiff's physical presence was necessary for her to complete her job functions.  (*See id.*).  Rather, Defendant has presented evidence that the reason that Plaintiff was put in the Connections Program Coordinator job, the position she was to assume following her leave, in the first place, was because it would allow her to work from home occasionally.  (*See* Doc. 42-4 Tab D at ¶ 16).  It was upon this factual ambiguity that Magistrate Judge Carlson found that plaintiff met this element of her *prima facie* case. (Doc. 63 at 27-28, 30).

As such, Plaintiff has presented evidence which may establish a *prima facie* claim that she requested a reasonable accommodation and that she could perform her job with such accommodation but she has failed to establish these necessary elements of her claim without any dispute of material fact such that she is entitled to judgment as a matter of law. Similarly, due to the existing disputed material facts, Defendant is also not entitled to summary judgment as to this claim.

## 2. ADA Retaliation Claim

"To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection

between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).[9]

### a. Reasonable Accommodation

"With respect to the first element of a prima facie retaliation claim, a good-faith request for an accommodation constitutes protected employee activity under the ADA." *Allen v. Lackawanna Cty. Bd. of Commissioners*, 2019 WL 4621276, at *6 (M.D. Pa. Aug. 23, 2019), *report and recommendation adopted as modified*, 2019 WL 4644244 (M.D. Pa. Sept. 23, 2019) (citing *Shellenberger*, 318 F.3d 183, 191 (3d Cir. 2003)).

Here, Plaintiff objects to the Magistrate Judge's findings by arguing simply that she engaged in a protected activity by requesting a reasonable accommodation and that she was terminated because of it. (Doc. 73 at 7-8). Plaintiff's objections thus implicate the same objections previously addressed with respect to the Magistrate Judge's findings addressing Plaintiff's discrimination claim and improperly require the Court to weight the evidence, assess credibility, and engage in fact finding. *See e.g., Guidotti*, 716 F.3d 772; *Doebblers' Penn. Hybrids, Inc*, 442 F.3d at 820. Specifically, as explained by Magistrate Judge Carlson,

> it is unclear whether Scopelliti's requests for accommodations were attributable to her chronic migraines or lupus diagnosis, recovery from surgery to resolve these conditions, or some other outstanding cause unrelated to her identified disabilities in her amended complaint. Moreover, we find that there is an ambiguity regarding the nature of the accommodations that Scopelliti sought.

---

[9] The Court again reiterates that neither party has argued that termination is not an adverse employment action.

Specifically, it is unclear to us whether Scopelliti was seeking a "blank check" in terms of time off from work when her alleged disabilities flared up or whether she sought a more tailored solution from the defendant. Furthermore, Scopelliti's retaliation and failure-to-accommodate claims rest upon a contested factual premise regarding the motive and intent of the defendant. Scopelliti insists that the defendant acted in bad faith and with the intent to retaliate. The defendant, in turn, contends that its actions were a reasonable response to the unreasonable demands and conduct of the plaintiff. These disputes issues of motive and intent also prevent entry of judgment as a matter of law in favor of the plaintiff.

(Doc. 70, at 20; *see also*, Doc. 63, at 29-30).

As it pertains to both Plaintiff and Defendant's objections, Magistrate Judge Carlson's recommendations, and this Court's findings set forth in further detail with respect to Plaintiff's ADA discrimination claim, *supra*, apply with equal force here. Material factual disputes, including but not limited to, the essential functions of Plaintiff's job, the nature of the accommodation sought by Plaintiff, and what a reasonable accommodation would be, preclude this Court from granting summary judgment to either party.

### b. Causation

"Regarding the third element, a causation analysis often, but not exclusively, rests on two key factors: '(1) the temporal proximity between the protected activity and the alleged retaliation and (2) the existence of any pattern of antagonism in the intervening period.'" *Allen*, 2019 WL 4621276, at *6 (quoting *Jensen v. Potter,* 435 F.3d 444, 450 (3d Cir. 2006)). As discussed in connection with Plaintiff's FMLA claim, the temporal proximity between Plaintiff's request for a reasonable accommodation and her termination is sufficiently

suggestive of retaliation and enough to make out her *prima facie* case on this element for

purposes of a summary judgment analysis.  *See id*. at *7.

### 3.  Legitimate and Non-Discriminatory Reason; Pretext

Under the *McDonnell Douglas* framework, as previously explained, after a plaintiff

has met her burden of establishing a *prima facie* case, the burden "shifts to the employer to

'articulate some legitimate, nondiscriminatory reason for the [adverse employment action],'"

*Walton v. Mental Health Ass'n. of Se. Pennsylvania*, 168 F.3d 661, 668 (3d Cir. 1999)

(quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).

As discussed by Magistrate Judge Carlson when addressing Plaintiff's FMLA claim,

Defendant asserts that it had a "legitimate, nondiscriminatory reason for firing Scopelliti in

that her FMLA leave had expired and her request for an additional week off after her

expected, yet unfulfilled return to work was unduly burdensome."  (Doc. 63 at 19).  This

proffered reason also applies to the Court's analysis of Plaintiff's ADA claim.  Even

assuming that Traditional has met the second step of the *McDonnell Douglas* framework by

proffering a legitimate, nondiscriminatory reason for Plaintiff's termination, summary

judgment would be defeated at the third step, because the record raises triable issues of

fact as to whether Traditional's proffered reasons should be credited. Whether the reasons

set forth by Defendant were legitimate or pretextual turn on the same factual issues which

preclude summary judgment on the *prima facie* elements, that is, there is conflicting

evidence on the record to determine what the essential functions of Plaintiff's job were, what

accommodations were sought by Plaintiff, and what reasonable accommodations, if any, would allow Plaintiff to perform the essential functions of the position given her asserted medical conditions. (*See* Doc. 70, at 20)(". . . Scopelliti's retaliation and failure-to-accommodate claims rest upon a contested factual premise regarding the motive and intent of the defendant. Scopelliti insists that the defendant acted in bad faith and with the intent to retaliate. The defendant, in turn, contends that its actions were a reasonable response to the unreasonable demands and conduct of the plaintiff. These disputes issues of motive and intent also prevent entry of judgment as a matter of law in favor of the plaintiff.").

For these reasons, the parties' objections will be overruled.

## C. **ADA Failure to Accommodate Claim**

"'An employee can demonstrate that an employer breached its duty to provide reasonable accommodations because it failed to engage in good faith in the interactive process by showing that: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.'" *Moore v. CVS Rx Servs., Inc.*, 142 F.Supp.3d 321, 335 (M.D. Pa. 2015) (quoting *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 772 (3d Cir. 2004)).

As to this claim, Plaintiff and Defendant in essence re-allege their same objections as to Magistrate Judge Carlson's determinations with respect to the existence of triable disputes of fact as to whether a reasonable accommodation was requested and whether Defendant attempted to or could make such an accommodation.  (*See* Doc. 65 at 5-6; Doc. 69 at 9-12; Doc. 73 at 5-7).  Here, as explained by Magistrate Judge Carlson, genuine disputes of fact exist with respect to the essential functions of Plaintiff's job, the accommodation requested by Plaintiff, whether the accommodation was reasonable, and whether Plaintiff could perform the essential functions of her job with the accommodation. (*See* Doc. 63 at 24-30; Doc. 70 at 14-20).  In addition, Plaintiff has not set forth any evidence to even suggest that she requested anything other than an additional week off due to unspecified complications from surgery, *see Vought v. Twin Tier Hosp.*, 2019 WL 2501470, at *6 (M.D. Pa. 2019) (holding that open-ended leave request was not a request for a reasonable accommodation).  Nor has Traditional set forth evidence to show that Plaintiff's attendance at work was compulsory or that it could not otherwise accommodate her, *see Sciarrino v. Regional Hosp. of Scranton*, 2020 WL 1244477, at *5-6 (M.D. Pa. 2020) (holding that defendant did not engage in interactive process when they failed to discuss the Plaintiff's accommodation with her).

Thus, for substantially the same reasons that the Court set forth, *supra*, in overruling the parties' objections and adopting the Magistrate Judge's recommendations and findings with respect to Plaintiff's discrimination and retaliation claims, the Court will also adopt the

Magistrate Judge's recommendations and findings addressing the reasonable accommodation claim.  Here, because there are disputes of material fact as to the essential elements of Scopelitti's claims and Traditional's defenses, no party is entitled to summary judgment.

Finally, although the Court will adopt the R&Rs' factual and legal analysis as to the FMLA, ADA, and ADAAA claims, the Court declines to adopt the Magistrate Judge's recommendation that the parties' motions for summary judgment as to the ADA and ADAA claim be dismissed without prejudice "subject to later renewal on a clearer and more precise record" (*see* Doc. 63 at 31; Doc. 70 at 21), as this Court has determined that trial on the facts and issues in dispute is necessary.

## IV. CONCLUSION

For the foregoing reasons the Court will adopt Magistrate Judge Carlson's R&Rs (Doc. 63; Doc. 70) and will deny the parties' cross-motions for summary judgment.  A separate Order follows.

Robert D. Mariani
United States District Court Judge