IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DINA SCOPELLITI,               :
                                    :
               Plaintiff,      :
      v.                        :      3:18-CV-40
                                      :      (JUDGE MARIANI)
TRADITIONAL HOME HEALTH      :
AND HOSPICE                       :
                                        :
              Defendant.     :

## MEMORANDUM OPINION

### I. INTRODUCTION

On January 5, 2018, Plaintiff Dina Scopelliti initiated the above-captioned action against her former employer, Defendant Traditional Home Health and Hospice (hereinafter "Traditional"). (Doc. 1). Plaintiff thereafter filed an Amended Complaint alleging interference in violation of the Family Medical Leave Act ("FMLA") (Count I), retaliation in violation of the FMLA (Count II) and "Disability Discrimination/Failure to Accommodate/ Retaliation" in Violation of Americans with Disabilities Act ("ADA") (Count III) (Doc. 6). In April, 2018, Count I of Plaintiff's Amended Complaint was dismissed with prejudice by District Court Judge A. Richard Caputo, to whom this case was previously assigned. (*See* Docs. 13, 14).

In August, 2019, following the close of fact discovery, the parties filed cross-motions for summary judgment. The motions were thereafter referred to Magistrate Judge Martin C. Carlson for the preparation and issuance of Reports and Recommendations ("R&R"s). (Doc.

45).  In December, 2019, Judge Carlson issued two R&Rs, each addressing one motion for

summary judgment (Docs. 63, 70) and recommending that both parties' motions be denied.

This Court adopted both R&Rs over the parties' objections (*see* Docs. 75, 76), finding that a

number of triable issues of material fact existed as to the remaining causes of action.  As a

result, Plaintiff's FMLA claim for retaliation concerning the termination of her employment

(Count II) and Plaintiff's ADA/ADAAA claims for disability discrimination, failure to

accommodate, and retaliation (Count III) remain for trial, which is scheduled to commence

on October 12, 2021 (*see* Doc. 114).

 Presently before the Court are the following *in limine* motions filed by Defendant:

1. "Motion in Limine to Preclude Plaintiff from Introducing Statements Allegedly made by Co-Workers Regarding her Separation from Employment and/or Workplace Discrimination" (Doc. 91);

2. "Motion in Limine to Preclude Plaintiff's Claim for Back Pay Damages" (Doc. 93);

3. "Motion in Limine to Preclude Plaintiff's Claim for Punitive Damages" (Doc. 95);

4. "Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress Damages" (Doc. 97);

5. "Motion in Limine to Preclude Testimony of Plaintiff's Treating Physicians" (Doc. 99).

 The Court will address these motions in turn.

## II. STANDARD OF REVIEW

 "The purpose of a motion in limine is to allow the trial court to rule in advance of trial

on the admissibility and relevance of certain forecasted evidence."  *United States v.*

2

*Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion to

rule in limine on evidentiary issues "in appropriate cases."  *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Nevertheless, a

"trial court should exclude evidence on a motion in limine only when the evidence is clearly

inadmissible on all potential grounds."  *Tartaglione*, 228 F.Supp.3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity."  *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707

(E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation."  *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context."  *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  *See also*,

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance and

prejudice under Rules 401 and 403 are determined in the context of the facts and

arguments in a particular case, and thus are generally not amenable to broad *per se*

rules.").  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court

cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has

a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### III. ANALYSIS

1. **Defendant's Motion in Limine to Preclude Plaintiff from Introducing Statements Allegedly made by Co-Workers Regarding her Separation from Employment and/or Workplace Discrimination (Doc. 91)**

Defendant first moves for the exclusion at trial "of all statements Plaintiff claims were made by co-workers representing their alleged disagreement with Plaintiff's separation from employment and any statements Plaintiff may claim were made by co-workers regarding discrimination in the workplace." (Doc. 91). Defendant argues that such statements constitute inadmissible hearsay and additionally claims that "any statement made by co-workers concerning their opinions of Plaintiff's separation should be excluded under Federal Rule of Evidence 403." (Doc. 92, at 2, 5; *see also*, *id.* at 3-5).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant

4

evidence may be excluded "if its probative value is substantially outweighed by a danger of .

. . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

However, even if the Court deems the relevant evidence to be admissible, "[a] witness may

testify to a matter only if evidence is introduced sufficient to support a finding that the

witness has personal knowledge of the matter." Fed. R. Evid. 602. Further, the Third

Circuit has encouraged "firm adherence to the hearsay rules (Rules 801-807) in determining

whether a proffered statement truly is admissible in the first instance." *United States v.*

*Saada*, 212 F.3d 210, 221 n.12 (3d Cir. 2000).

Here, Traditional's motion does not present the Court with sufficient information or

detail. The Court cannot make an all-encompassing ruling as to admissibility divorced from

any actually-uttered statements that are being challenged. The Court does not – and, at

this stage of the proceedings, cannot – know which of Plaintiff's "co-workers", if any, will be

called as witnesses, the content of those witnesses' testimony, or for what purpose the

testimony and statements at issue will be offered. Nor does this Court know whether any

such testimony will even be offered at all. Although it is possible that certain testimony

would violate the restrictions set forth in Federal Rules of Evidence 403 or 404, or the

hearsay rules in 801 through 807, such a determination cannot be made prior to trial. If the

Plaintiff offers testimony at trial that Defendant considers inadmissible, Defendant must

raise any objection at that point, at which time the Court can better evaluate the testimony's

admissibility in light of its content and purpose.

The Court will therefore deny Defendant's motion without prejudice to be reasserted by timely objection at trial which Defendant deems appropriate in response to specific testimony which Plaintiff attempts to elicit.

## 2. Defendant's Motion in Limine to Preclude Plaintiff's Claim for Punitive Damages (Doc. 95)

Defendant further requests that "all evidence regarding Plaintiff's claim for punitive damages" be excluded at trial.  (Doc. 95). In response, Plaintiff argues that the issue of punitive damages "must await trial when the factual record is fully developed. . ."  (Doc. 112).

Preliminarily, as Defendant notes, and Plaintiff does not specifically dispute, punitive damages are not available under the FMLA. *See e.g.*, *Thomas v. St. Mary Med. Ctr.*, 22 F.Supp.3d 459, 476 (E.D.Pa. 2014); *Santosuosso v. NovaCare Rehab.*, 462 F.Supp.2d 590, 600-601 (D.N.J. 2006) (collecting cases); *Zawadowicz v. CVS Corp.*, 99 F.Supp.2d 518, 540 (D.N.J. 2000).  *See also*, *Brown v. Nutrition Mgmt. Servs. Co.*, 370 F.App'x 267, 270 & n.3 (3d Cir. 2010) (explaining that while never explicitly held by the Third Circuit, the parties' conclusion in the case that punitive damages were not recoverable under the FMLA was "supported by the statutory text of the FMLA, *see* 29 U.S.C. § 2617(a), and the decisions of our sister courts of appeals.").

Defendant is equally correct that punitive damages may not be recoverable in an ADA retaliation claim.  Although the Third Circuit has not addressed this issue in any precedential opinion, the weight of the case law supports a finding that punitive damages are not available in an ADA retaliation claim.  *See e.g.*, *Kramer v. Banc of Am. Sec., LLC*,

355 F.3d 961, 965 (7th Cir. 2004) ("We thus conclude that the 1991 Civil Rights Act does

not expand the remedies available to a party bringing an ADA retaliation claim against an

employer and therefore compensatory and punitive damages are not available."); *Alvarado*

*v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009) (adopting Seventh Circuit's

reasoning in *Kramer* and holding that punitive and compensatory damages are not available

in ADA retaliation claims); *cf*, *Tucker v. Shulkin*, 2020 WL 4664805 (3d Cir. 2020) (citing to

*Kramer* and *Alvarado* when "summarily affirm[ing] the District Court's January 14, 2020

dismissal decision because Tucker's remaining retaliation claim was not redressable, as he

cannot recover compensatory or punitive damages as remedies for retaliation under the

Rehabilitation Act. . ."). *See also*, *Sabbrese v. Lowe's Home Ctrs., Inc.*, 320 F.Supp.2d 311

(W.D.Pa. 2004) (examining *Kramer* and finding that compensatory and punitive damages

were not available in ADA retaliation claim and Plaintiff's remedy was limited to equitable

relief); *Leone v. N. Jersey Orthopedic Specialists, P.A.*, 2012 WL 1535198, *7 n.3 (D.N.J.

2012) (noting that "the weight of authority from district courts within the Third Circuit have

followed the Seventh Circuit's holding in *Kramer* that compensatory and punitive damages

are not available for ADA retaliation claims."); *Engle v. Physician Landing Zone*, 2017 WL

5952941, *2 (W.D. Pa. 2017) ("the district courts in the Third Court appear to have uniformly

held that the anti-retaliation provisions of the ADA do not authorize the award of

compensatory and punitive damages.").

7

Nonetheless, Defendant ignores the fact that, in addition to Plaintiff's FMLA claim and ADA retaliation claim, Plaintiff's claims of ADA discrimination and failure to accommodate remain for trial.  Punitive damages are available for such claims.  *See e.g.*, *Gagliardo v. Connaught Lab'ys, Inc.*, 311 F.3d 565 (3d Cir. 2002) (punitive damages available where jury found Defendant discriminated against Plaintiff in violation of the ADA). *See also*, *McFadden v. Biomedical Sys. Corp.*, 2014 WL 80717, *5-6 (E.D. Pa. 2014) (punitive damages available for ADA claims of discrimination and failure to accommodate).

As the Third Circuit explained in *Gagliardo*,

> Punitive damages are available under the ADA when "the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or with reckless indifference." 42 U.S.C. § 1981a(b)(1) (2000). These terms focus on the employer's state of mind and require that "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 535-36, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).

*Gagliardo*, 311 F.3d at 573.[1]

Defendant argues that, even if punitive damages are available in this action, Plaintiff "presents no evidence warranting punitive damages under the ADA". (Doc. 96, at 4; *see id*. at 2-5).  Defendant's argument on this point is premature.  At this stage in the proceedings, the Court is unable to determine whether Plaintiff will be able to present "evidence

---

[1] Although punitive damages are available should Plaintiff succeed on her ADA claim of discrimination, the Court reminds the parties that such damages may be capped.  *See* 42 U.S.C. § 1981a(b)(3); *Gagliardo*, 311 F.3d at 570 (Gagliardo's claims under ADA were subject to a "cap" limiting the compensatory and punitive damages available to a claimant).

warranting punitive damages under the ADA", as the Court is unaware of what testimony or other evidence Plaintiff may offer in support of her claim for punitive damages.

Defendant further asserts that it would be prejudiced should Plaintiff be permitted to "mention" punitive damages, as it would "unfairly prejudice[e] Traditional" and "could engender sympathy for Plaintiff among the jurors". (Doc. 96, at 4-5). This argument, apparently brought in an attempt to invoke Rule 403, is unsupported by any case law or legal reasoning and is premised entirely on Defendant's speculative concerns. Should Plaintiff fail to present the requisite evidence to support a claim for punitive damages under the ADA, such claim will be subject to dismissal by this Court on a properly brought Rule 50(a) motion. In addition, should the punitive damage claim be presented to the jury, they will be fully instructed on the appropriate standard and how to make a proper determination as to whether Plaintiff is entitled to any such award.

For the foregoing reasons, Defendant's motion to preclude Plaintiff's claim for punitive damages (Doc. 95) will be granted in so far as Plaintiff may not seek punitive damages under the FMLA or for her claim of retaliation under the ADA, but will be denied without prejudice in all other respects.

### 3. Defendant's Motion in Limine to Preclude Plaintiff's Claim for Emotional Distress Damages (Doc. 97)

Defendant additionally moves this Court to "exclude from trial all evidence regarding Plaintiff's claim for emotional distress damages." (Doc. 97). Defendant asserts that Plaintiff should be precluded from introducing such evidence because she "can never meet her

burden of showing that she suffered 'physically' from her emotional distress." (Doc. 98, at

1). In response to Defendant's motion, Plaintiff argues that Defendant is "improper[ly]"

seeking to "eliminate a claim through a motion in limine" (Doc. 106, at 2). Plaintiff further

asserts that she will "present multiple witnesses to prove a claim for emotional distress",

including her father. (*Id.* at 3).

Initially, the Court notes that emotional distress damages are not available under the

FMLA. *See Zawadowicz*, 99 F.Supp.2d at 540; *Lloyd v. Wyoming Valley Health Care Sys.,*

*Inc.*, 994 F.Supp. 288, 289, 291-293 (M.D. Pa. 1998) ("the FMLA does not provide for

damages for emotional distress, embarrassment, and humiliation ('emotional distress')");

*Pontes v. Rowan Univ.*, -- F.App'x --, 2021 WL 4145119, *5 (3d Cir. 2021) (District Court

correctly found that, under the FMLA, Plaintiff was not entitled to punitive damages or

damages for pain and suffering or emotional distress); *Brown*, 370 F.App'x 267, 270 & n.3.

Thus, any damages to which Plaintiff may be entitled for emotional distress must stem from

her ADA/ADAAA claims for discrimination and failure to accommodate.[2]

---

[2] As this Court has explained in addressing Defendant's motion to preclude Plaintiff's claim for
punitive damages, *supra*, compensatory damages, which include emotional distress damages, are not
available in an ADA claim for retaliation. *See Kramer*, 355 F.3d at 965 ("We thus conclude that the 1991
Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against
an employer and therefore compensatory and punitive damages are not available."); *Alvarado*, 588 F.3d at
1270 (punitive and compensatory damages are not available in ADA retaliation claims); *Tucker*, 2020 WL
4664805 (3d Cir. 2020) (citing to *Kramer* and *Alvarado* when summarily affirming lower Court's dismissal
decision "because Tucker's remaining retaliation claim was not redressable, as he cannot recover
compensatory or punitive damages as remedies for retaliation under the Rehabilitation Act. . ."); *Sabbrese*,
320 F.Supp.2d at 331 (compensatory and punitive damages not available in ADA retaliation claim and
Plaintiff's remedy was limited to equitable relief); *McFadden*, 2014 WL 80717, *6; *Leone*, 2012 WL
1535198, *7 n.3; *Engle*, 2017 WL 5952941, *2.

"To recover emotional damages a plaintiff must show 'a reasonable probability rather than a mere possibility that damages due to emotional distress were in fact incurred as a result of an unlawful act.'" *Gagliardo*, 311 F.3d at 573 (quoting *Spence v. Bd. of Ed.,* 806 F.2d 1198, 1201 (3d Cir. 1986)) (internal brackets omitted).  Speculative damages cannot be awarded.  *Bolden v. Se. Penn. Transp. Auth.*, 21 F.3d 29, 33 (3d Cir. 1994).  Rather, a plaintiff must present evidence of "actual injury . . . before recovering compensatory damages for mental distress".  *Gunby v. Penn. Elec. Co.*, 840 F.2d 1108, 1121 (3d Cir. 1988) (in §1981/Title VII action, evidence supporting award for emotional distress was insufficient where the only evidence was plaintiff's testimony that he was "very upset," that he felt he "had been done wrong" and thought he "had been treated unfairly" in being passed over for a promotion).

Similar to Plaintiff's claim for punitive damages, whether she is entitled to emotional distress damages for her ADA claims of discrimination and failure to accommodate must await the presentation of testimony and evidence and the completion of her case-in-chief. The Court is currently unaware of who Plaintiff may call in support of her claims, what testimony she may properly elicit, or what other admissible evidence may be offered, all of which may support a claim of emotional distress.  Thus, despite Defendant's invitation to do so, the Court cannot make a determination at this time that Plaintiff's evidence is insufficient or impermissibly speculative such that she should be precluded from claiming damages for emotional distress.

Defendant's motion to preclude Plaintiff's claim for emotional distress damages (Doc. 97) will therefore be granted in so far as Plaintiff may not recover emotional distress damages for a violation of FMLA or ADA retaliation, but denied without prejudice in all other respects.

### 4. Defendant's Motion in Limine to Preclude Plaintiff's Claim for Back Pay Damages (Doc. 93)

Traditional's next motion in limine requests that "pursuant to the doctrine of mitigation of damages" as well as other authorities, Plaintiff be precluded from recovering back pay damages.  (Doc. 93).

With respect to mitigation, as Defendant correctly notes (*see* Doc. 94, at 3), the employer has the burden of proving that a plaintiff failed to mitigate his or her damages. Here, Defendant impermissibly attempts to have this Court rule, prior to having heard or seen any evidence, that it has met its burden of proof.  Such a motion is grossly premature.

Defendant further argues that Plaintiff is not entitled to compensatory damages, including back pay, for an ADA claim of retaliation.  (Doc. 94, at 6-7).  As set forth by the Court, *supra*, recovery in an ADA claim for retaliation is limited to equitable relief and compensatory damages are thus unavailable.  Nonetheless, Defendant's argument is without merit here, where back pay requested in an ADA claim is an equitable remedy that must be distinguished from the calculation of compensatory damages. *See Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 (3d Cir. 2006) (explaining in ADA action that, unlike

compensatory damages, "it is obvious that back pay remains an equitable remedy to be awarded within the discretion of the court").

Defendant's motion to preclude Plaintiff's claim for back pay with therefore be denied without prejudice.

### 5. Defendant's Motion in Limine to Preclude Testimony of Plaintiff's Treating Physicians (Doc. 99)

Defendant Traditional's final motion *in limine* moves to "preclude Plaintiff's treating physicians or specialist from offering any expert testimony in this matter." (Doc. 99). Specifically, Defendant argues that Plaintiff "should be precluded from offering causation and prognosis testimony from her treating physicians or psychologists." (Doc. 100, at 10). In response, Plaintiff does not deny that she did not provide Defendant with any expert reports, instead asserting that she "is not presenting her treating physicians for causation, but rather diagnosis, treatment, their observations of Plaintiff and any statements made by her to them." (Doc. 110, at 2). Plaintiff argues that since she "does not seek to offer her treating physicians as 'experts', Defendant cannot preclude Plaintiff from presenting her treating physicians for permissible lay witness testimony." (Doc. 110, at 2-3).[3]

Pursuant to Federal Rule of Evidence 701, the opinion testimony of a witness who is not testifying as an expert is limited to one that is (1) "rationally based on the witness's perception", (2) "helpful to clearly understanding the witness's testimony or to determining a

---

[3] The Court further notes that in Section F of Plaintiff's Pre-Trial Memorandum (Doc. 122, at 2), entitled "Summary of Testimony of Each Expert Witness", Plaintiff has stated "N/A", further indicating that she does not intend to call any witness to offer expert testimony.

fact in issue", and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702", which governs testimony by an expert witness.  Fed. R. Evid. 701.  In light of Plaintiff's concession that she will not call any of her treating physicians to offer expert testimony, and specifically that these witnesses will not be presented to offer evidence of causation, to the extent that Plaintiff Scopelliti calls any medical witnesses at trial, those witnesses will be limited to testimony as to facts gained in their diagnosis and treatment of her.  *See McCann v. Miller*, 502 F.App'x 163 (3d Cir. 2012) (District Court did not abuse its discretion in barring expert testimony of treating physicians regarding causation and prognosis where Plaintiffs did not disclose to Defendants their intent to call the physicians as expert witnesses until shortly before trial); *Allen v. Parkland Sch. Dist.,* 230 F.App'x 189, 194 (3d Cir. 2007); *Collins v. Prudential Inv. & Ret. Servs.*, 119 F.App'x 371, 380 (3d Cir. 2005).  *See also*, *Haines v. Davies*, 2009 WL 331433, *3-4 (M.D. Pa. 2009) (permitting treating psychologist, testifying as a lay witness, to testify "as to her personal knowledge, diagnosis, and treatment", but not "as to the causation of Plaintiffs' injuries or to opinions based on medical or scientific knowledge.").  Here, Scopelliti's treating physicians will be limited to the facts gained in their diagnosis and treatment of her and will not be permitted to opine about the cause of her injuries and prognosis.

Defendant's motion *in limine* (Doc. 99) will therefore be granted as set forth herein. It remains the responsibility of Defendant to timely object at trial should counsel believe

Plaintiff is attempting to elicit testimony from her treating physicians/psychologists outside the confines of Rule 701 and other applicable Rules of Evidence.

### IV. CONCLUSION

For the forgoing reasons, Defendant's *in limine* motions (Docs. 91, 93, 95, 97, 99) will be decided as set forth in this Memorandum Opinion. The rulings, however, do not alter the parties' responsibility to raise their objections at the appropriate time at trial, if warranted in light of the evidence adduced by that time. A separate Order follows.

Robert D. Mariani
United States District Judge